**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **KEYLA HERNANDEZ ALONSO #A212-486-388** | **CASE NO. 6:26-CV-04543 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **MICHA NEAL ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

**MEMORANDUM ORDER**

Before the Court is a Motion for Temporary Restraining Order, and a Motion for Preliminary Injunction [Doc. No. 4] filed by Petitioner, Keyla Hernandez Alonso ("Petitioner").

After careful consideration, the Motions are **DENIED**.

## I. Background

Petitioner is a native and citizen of Cuba.[1] Petitioner states that Immigration and Customs Enforcement ("ICE") took her into custody on March 23, 2026, and that a removal order was issued on May 27, 2026.[2] Petitioner appealed that order to the Board of Immigration Appeals ("BIA") on June 26, 2026, and states that her appeal remains pending.[3] Petitioner is detained at the South Louisiana ICE Processing Center in Basile, Louisiana.[4]

---

[1] [Doc. No. 1, pp. 13-14].
[2] [Id. at p. 4].
[3] [Id.].
[4] [Id. at p. 1].

Petitioner then filed a Petition for Writ of Habeas Corpus ("Habeas Petition") requesting her immediate release from immigration detention or, in the alternative, a bond hearing.[5] Petitioner also filed the instant Motion, seeking the Court to release Petitioner or provide a bond hearing.[6]

The Court is prepared to rule.

## II. Law and Analysis

At the outset, the Court notes that the pleadings of *pro se* litigants are held to a more lenient standard than those of attorneys and are construed liberally to prevent a loss of rights that might result from inartful expression. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Cledera v. United States*, 834 F. App'x 969, 972 (5th Cir. 2021) (unpublished) (citing *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006)). *Pro se* plaintiffs must, however, "plead factual allegations that raise the right to relief rise above [a] speculative level." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Taylor*, 296 F.3d at 378). Even so, the Court has no obligation to "sift through the record in search of evidence" to support the pro se litigant's arguments. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). With these principles in mind, the Court turns to the merits.

Another Judge of this Court previously noted:

> The very basis of a habeas action is to challenge the statutory or constitutional basis for detention. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from

[5] [Doc. No. 1].
[6] [Doc. No. 4].

> illegal custody.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Seeking injunctive relief that mirrors the relief requested in the habeas petition is *nothing more than a motion to decide my habeas petition now*. *See Garcia Aleman v. Thompson*, No. 5:25-CV-00886, ECF No. 20 (S.D. Tex. Oct. 30, 2025). The Court will not allow Petitioner to commit an end-run around the habeas process.

*Da Silva v. Tellez*, No. 25-1960, 2025 WL 3553041, at *1 (W.D. La. Dec. 8, 2025) (emphasis added). Here too, this Motion mirrors the relief sought in Petitioner's Habeas Petition.[7]

Construing these pleadings liberally, Petitioner fails to establish a substantial likelihood of success on the merits under controlling Fifth Circuit precedent. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026); *Sosnava Rodriguez v. Vergara*, No. 26-50183, slip op. at 30–31 (5th Cir. Oct. 23, 2026) (en banc). Petitioner identifies no specific facts establishing an imminent threat of transfer or otherwise demonstrating that the requested emergency relief is warranted.

## III. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Petitioner Keyla Hernandez Alonso's Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 4] are **DENIED**.

MONROE, LOUISIANA, this 30th day of October, 2026.

Terry A. Doughty
United States District Judge

[7] [Id.]